## PREISS v. EDGE.

### No. 7819.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1933.

884

J. R. Fuchs, of New Braunfels, for appellant.

BLAIR, Justice.

Appellee sued appellant, alleging and on the trial offered testimony tending to show that by oral contract he agreed to saw certain timber of appellant into lumber of lengths of from 6 to 14 feet, at a price of $25 per thousand feet; that he sawed 23,405 feet of such lumber, for which appellant owed him a balance of $310.10; that appellant owed him $30 for fuel wood which appellant agreed to but did not furnish in the manufacture of the lumber; that appellee could have sawed 25,000 feet more of lumber from appellant's timber, but appellant stopped him from completing the contract, thereby depriving him of an alleged profit of $375, but which profit appellee calculated by his testimony to be about $325. In answer appellant alleged and on the trial offered testimony tending to show that by the oral contract appellee agreed to saw as much as possible of the timber into lumber of lengths of 14 feet; that most of the timber was capable of being sawed into lengths of 14 feet, which would have been of greater value than shorter lengths, but that appellee, contrary to his agreement and over the protest of appellant, sawed most of the lumber into lengths of less than 14 feet, that is, he only sawed about 1,700 feet into 14-foot lengths, the balance being sawed into 6, 8, 10, and 12 foot lengths; that appellant agreed to furnish appellee fuel wood from his own land, but that appellee claimed such wood was too green, and hauled some wood from his own land, for which he told appellant he would make no charge; that appellee agreed, if not specifically, by implication of law, to saw the lumber in a good workmanlike manner, but that he failed to do so, and sawed much of it crooked, and sawed about one-half of it out of rotten timber, and did not properly dress the lumber, and did not remove the bark from the edges of much of the lumber, and did not manufacture the lumber in a workmanlike manner; that, because of these breaches of the contract by appellee, appellant stopped him from sawing the balance of his timber, and therefore owed him nothing for that which he had defectively manufactured, nor for any loss of profits which he may have made if permitted to complete the contract. At the conclusion of the evidence, and over the objection of appellant, the trial court instructed the jury as follows: "You are instructed to return a verdict in this cause in favor of the plaintiff on his cause of action for the sum of $560.00, having credited defendant with $75.00 for 3000 feet of rotten and defective lumber and $30.00 for wood charged."

Judgment was rendered in accordance with the instructed verdict; hence this appeal.

■ It is manifest that the evidence was sharply conflicting on all material issues; and the court erred in peremptorily instructing a verdict for appellee. The cause must therefore be reversed and remanded, and we pretermit an expression of any opinion on the evidence. Suffice it to say that the evidence adduced presented jury issues as follows:

(1) With regard to the terms of the contract as to the lengths into which the lumber was to have been sawed. Appellee testified that he was to saw it into lengths of from 6 to 14 feet, without any other limitation. Appellant's version of the contract was that appellee was to saw as much as possible of the timber into lengths of 14 feet, and his testimony, corroborated by other disinterested witnesses, showed that much more of the lumber could have been sawed into lengths of 14 feet, and that lumber of that length was of greater value than lumber of shorter lengths. Bearing upon this, appellee testified that the lumber was being sawed for the purpose of building fences, and that lengths shorter than 14 feet were better for these purposes. Appellant testified that there was no mention of the purposes for which the lumber was being sawed, but that appellee told him that he could saw nice 14-foot lengths out of most of his timber.

■ (2) A jury issue was presented as to whether appellee manufactured the lumber in a good workmanlike manner. No specific agreement was made in this regard, except that appellee told appellant he could saw nice lumber in lengths of from 6 to 14 feet out of appellant's timber, and that he was equipped with mills and had experience in sawing lumber of the character in contemplation. This evidence would at least require appellee to discharge his contract by using ordinary and reasonable skill, care, and diligence to manufacture the lumber in a workmanlike manner. City of Huntsville v. McKay (Tex. Civ. App.) 286 S. W. 305, 306; Baltimore Base Ball Club, etc., Co. v. Pickett, 78 Md. 375, 28 A. 279, 22 L. R. A. 690, 44 Am. St. Rep. 304. The law is also well settled that one who contracts to manufacture a commodity for market, or a given use, or to do particular work, is bound to perform the obligation in good workmanlike manner; and, if he does the work or performs the obligation in an unskillful manner, he can recover nothing if from want of proper skill the work or manufactured commodity proves worthless. Dyess v. Davey Tree Expert Co. (Tex. Com. App.) 44 S.W.(2d)

911; Wilson v. Jones (Tex. Com. App.) 45 S.W.(2d) 572.

 The trial court took all issues from the jury, assumed that 3,000 feet of the lumber was defectively manufactured, or found as a matter of law that it was so manufactured, and instructed the jury to credit the defendant with $75 for 3,000 feet of rotten and defective lumber. Notwithstanding this, the trial court then rendered judgment for $325, loss of profits for 25,000 feet of lumber, which the witnesses merely estimated could have been produced from the balance of appellant's timber. It is manifest that, if appellee was not manufacturing the lumber in a workmanlike manner, appellant had the right to stop him, and no loss of profits would arise from refusing to permit appellee to continue to manufacture defective lumber.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.