## BIRMINGHAM v. LINDEMANN.

No. 15227.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

Eades & Eades and Warren Whitham, all of Dallas, for appellant.

Malone, Lipscomb & Seay, of Dallas, for appellee.

HALL, Justice.

Appellant Joe Birmingham sued appellee Victor R. Lindemann in the County Court at Law of Dallas County to recover from appellee the sum of $513, plus interest, penalties and attorney's fees, due on a promissory note executed by appellee, which appellant purchased from Joseph Bell Martin and Roger Smith. Appellant

did not plead over against Martin and Smith.

Appellee defended by way of cross action, alleging he executed the note as part payment on a residence which he purchased from Martin and Smith; that said note was not to become effective until said Martin and Smith finished twenty-one items which they acknowledged were necessary for its completion. A list of said twenty-one items was signed by Joseph Bell Martin; that appellant, the agent of Martin and Smith, had knowledge of such oral and written agreement between the parties. Martin and Smith were made third party defendants but have not appealed from the trial court's judgment.

The jury's answers to special issues submitted to it by the trial court are as follows:

(1) That Joseph Bell Martin or Roger Smith represented to Lindemann they would perform all of the work on the house, as set out in Lindemann's exhibit No. 1, if Lindemann would give them the $513.06 note in consideration therefor.

(2) That Lindemann signed the $513.06 note relying upon such representation.

(3) That the reasonable cost in Dallas County, Texas, on or about September, 1947, of performing such items of work on Lindemann's house, which were not completed by Martin and Smith, as set out in exhibit No. 1, was $519.

(4) That Joe Birmingham did not purchase the $513.06 note from Martin and Smith without knowledge that there was an agreement between Lindemann and Martin or Smith to perform certain work set out in exhibit No. 1.

(5) That at the time of the purchase of the note of Victor R. Lindemann dated September 21, 1947, payable to Joseph Bell Martin and Roger Smith, appellant Joe Birmingham had knowledge of such facts and circumstances that his action in accepting the instrument amounted to bad faith.

(6) That Lindemann and Joseph Bell Martin agreed that the $513 note in question was not to become effective until the items of work set out in said exhibit No. 1 had been completed by Joseph Bell Martin.

(7) That at the time of the purchase of the $513 note in question from Martin and Smith, appellant Joe Birmingham knew the note was not to be effective until complete performance of work covered by list of items numbered 1 through 21 on said exhibit No. 1.

In accordance with said jury findings, the trial court entered judgment for appellee and against Joseph Bell Martin and Roger Smith in the sum of $5.94 and canceled appellee's note.

Appellant's points three and four are directed to error of the trial court in overruling (1) his motion for an instructed verdict, and (2) his motion for judgment non obstante veredicto. We find the evidence, to some of which we will refer, is sufficient to overrule these points. We will note here, however, that appellant further contends that a proper measure of damage in this case would be the difference, if any, between the actual cash market value of the house with such completed items and without such completed items, and cites for authority 13 Tex.Jur., p. 84; Guardian Trust Co. v. Brothers, Tex.Civ.App., 59 S.W.2d 343, error refused; Golston v. Bartlett, Tex.Civ.App., 112 S.W.2d 1077.

Under the facts in the instant case, that is, where the structure is so nearly completed, with the exception of a few small items as outlined in appellee's exhibit, we find the correct measure of damage as stated in 7 Tex.Jur., pp. 632–633, sec. 67, wherein it is said: "Where there has been a substantial performance, or where the breach consists in the use of inferior materials or of defects in the completed work, the owner's measure of damages is the reasonable cost of remedying the defects, if they can be remedied without impairing the building or structure as a whole,—or, as the rule is sometimes stated, the measure of recovery is the reasonable cost of making the building comply with the contract." See also Graves v. Allert & Fuess, 104 Tex. 614, 142 S.W. 869, 39 L.R.A.,N.S., 591.

Appellant's point one is as follows: "The Court erred in not rendering judgment for appellants in the sum of $513.00 as the

admitted balance of the purchase price due appellant Martin from appellee."

Appellant's contention seems to be that even though Martin did enter into an alleged agreement whereby he was to do certain items of work on the house in question, such would not be supported by a consideration and therefore not binding on Martin, and since appellee admits executing said note and no other evidence of consideration was offered to support the alleged agreement made by Martin, appellee was legally bound to pay the contract price of the house. That no consideration exists between appellee and Martin and Smith by virtue of a promise or agreement to do that which the promisor is already bound to do by law or by a valid subsisting contract.

It was stipulated in court that some of the items were not completed at the time of trial. There was disputed evidence as to whether some of the items had been completed. The rest of the items were admitted to have been completed. There was testimony adduced which connected appellant with knowledge of the incompletion of the building and the number of unfinished items. Witness James A. Smith testified that appellant was present at the title company when the discussion between Martin and Lindemann occurred about the unfinished items on the house. Appellee and his wife also testified that appellant Birmingham was present when the list of incompleted items was made up and discussed. The witness W. P. Maddox, who had been in the construction business for twenty-five years, testified as to the reasonable and necessary cost of completing those items on the list which were shown by the evidence to have been incompleted. The jury found appellant had knowledge of the agreement between appellee, Martin and Smith, to the effect that the note was conditionally delivered to Martin and Smith. Appellant has no assignment of error here complaining of such finding but it is contended that the agreement is not a condition precedent. Some of the testimony pertaining to this subject is as follows:

Appellee testified thus:

"Q. Well, now, will you state what conversation was had between you and Joseph Bell Martin at that time with respect to the note? A. He asked me whether or not I would sign a note for $513.06 and I said, 'No, I won't, Joe; I am sorry—'

\* \* \* \* \* \*

"Q. Go ahead. A. I said, 'No, I won't, Joe; because what assurance do we have these jobs are going to be completed? There is a lot to be done, and up to now I've been getting the run-around in getting a man to complete it. I have complained to Mr. Birmingham, Mr. Roger Smith and yourself.' He said, 'If you will give me a note for $513.06 I will start on these items tomorrow. I can complete most of them within three days.' And I said, 'All right, Joe. Will it help you any if I will give you a note?' And he said, 'It will.' And I said, 'Will you promise—' told him then, 'Will you promise me the note will not become valid until the job is completed?' And he assured me it wouldn't be valid until it was completed in entirety."

▇ We find that such evidence is sufficient to support the jury finding that the note was conditionally executed and delivered. 6 Tex.Jur., p. 648, sec. 50; Hamilton-Turner Grocery Co. v. Hander, Tex. Com.App., 299 S.W. 848; Adams National Bank v. Stone, Tex.Civ.App., 284 S.W. 989; Shaw, Banking Commissioner v. Avant, Tex.Civ.App., 23 S.W.2d 447, writ refused; Art. 5932, sec. 16, Vernon's Ann.Civ.St. We overrule this point of error.

Appellant's second point reads: "The Court erred in submitting Special Issue No. 3 to the jury over appellants' objection whereby the jury was called upon to find in this one special issue three ultimate issues."

Special Issue No. 3 complained of by appellant is as follows: "What do you find from a preponderance of the evidence to be the reasonable cost in Dallas County, Texas, on or about September, 1947, of performing such items of work, if any, on Lindemann's house, which were not completed by Martin and Smith, as set out in Defendant's Exhibit No. 1? Answer in dollars, if any, and cents, if any."

▇ Appellant's main contention is that said issue is duplicitous and assumes that

all of the work included in the memorandum of September 11, 1947, was not done. We find under the evidence any error of duplicity is harmless since it was stipulated that Martin had not completed some of the items. The main question contained in the issue was the reasonable cost, if any, of completing the house as agreed upon between the parties, of which appellant had knowledge. We overrule this contention.

The judgment of the trial court is not susceptible to the errors set out in appellant's points. Judgment of the trial court is affirmed.