**FYFE CEMENT & SUPPLY COMPANY, Inc.,**
*Appellant,*

v.

**Alvin HACKER, Appellee.**

No. 7286.

Court of Civil Appeals of Texas.
Amarillo.

Oct. 21, 1963.

Rehearing Denied Nov. 18, 1963.

Frank D. McCown, Dumas, for appellant.

E. E. Coons, Texhoma, Richards & Ferguson, Dalhart, for appellee.

NORTHCUTT, Justice.

This is a plea of privilege case. Appellant, defendant below, filed a plea of privilege to move the case to Potter County. Appellee, plaintiff below, filed a controverting plea claiming venue in Sherman County under Subsections 14 and 23 of Article 1995, R.C.S. It being the contention of appellant the trial court erred in sustaining venue in Sherman County be-

cause this was a suit for breach of oral contract and not for damages to land as provided under Subsection 14 of Article 1995, and also, that the trial court erred in sustaining venue in Sherman County because appellee failed to prove that a part of appellee's cause of action arose within Sherman County.

The trial court overruled the plea of privilege in all things which we construe to mean that the court held appellee was entitled to retain venue in Sherman County under the terms of both subsections. Since we are of the opinion that appellee could retain venue in Sherman County under Subsection 23, we deem it unnecessary to discuss Subsection 14.

The plaintiff pleaded and proved that he entered into an oral agreement with the defendant whereby plaintiff agreed to purchase and defendant agreed to sell and deliver to the plaintiff approximately 32¾ cubic yards of concrete to be of a compressive strength of 2,500 pounds per square inch to be delivered on certain lots in Stratford, Sherman County, Texas. The plaintiff further pleading and proving sufficiently to hold venue in Sherman County that appellant delivered concrete onto appellee's land in Sherman County and that said concrete began to crack, flake, and chip off and deteriorate and come apart and just no good and was not of the quality that appellant contracted to sell and deliver to him and which appellee agreed to purchase.

It was stipulated that appellant was a domestic corporation and had its principal office and place of business in Amarillo, Potter County, Texas. Appellee's original petition was made a part of his controverting affidavit and was introduced in evidence and the affidavit to the controverting plea stated that the allegations, denials, and facts set out in the controverting plea and the petition were true and correct.

It is stated in the case of Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91, by the Supreme Court as follows:

"(1) The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception in article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition.

"(2) The venue facts which a plaintiff is required to plead and prove under exception 9 are that the crime, offense, or trespass was in fact committed and that it was committed in the county where the suit is pending.

"(3) On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties.

"(4) On appeal from a judgment sustaining or overruling a plea of privilege, the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case."

A manufacturer from whom an article is purchased impliedly warrants that such article is reasonably fitted for and will reasonably perform the service for which it was manufactured and sold. Oil Well Supply Co. v. Texanna Production Co., Tex.Civ.App., 265 S.W. 203 (writ dismissed); Johnson v. Agricultural Bond & Credit Corporation, Tex.Civ.App., 114 S.W.2d 385; Price v. Advance Rumley Thresher Co., Tex.Civ.App., 264 S.W. 113; Turner & Clayton v. Shackelford, 288 S.W. 815 (Tex.Com.App.). We believe there is sufficient pleadings and evidence to show an implied warranty that the cement was suitable for such intended purpose and also that the cement was not of the strength contracted to be sold and delivered and when the defective cement as alleged and testified to and poured into the form prepared in Sherman County, such act in

delivering the defective cement and poured as alleged and testified to was sufficient to establish that the cause of action or a part thereof arose in Sherman County as to hold venue in said county under Subsection 23, Article 1995. Judgment of the trial court is affirmed.