**NEW HOME CONSTRUCTION CORPORATION et al., Appellants,**

v.

**James B. O'NEILL, Appellee.**

No. 16252.

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1963.

Rehearing Denied Jan. 3, 1964.

Lefkowitz, Green, Ginsberg, Eades & Gilmore, Jack D. Eades, Dallas, for appellants.

Clair F. Achenbach, Dallas, for appellee.

DIXON, Chief Justice.

Appellee James B. O'Neill brought this suit against New Home Construction Company, a corporation, and Harry C. Silver and Sam Laughlin, appellants, and Ray A.

Radford for damages for breach of a written warranty and for defects in construction of a house purchased from appellants. Following a trial before a jury judgment was rendered against appellants for $6,300.00.

Judgment was rendered in favor of Ray A. Radford, an air-conditioning contractor, and he does not figure in this appeal.

On January 22, 1957 appellee purchased a house from appellants for a consideration of $13,800.00. At the same time appellants executed a written Warranty of Completion of Construction in Substantial Conformity with Approved Plans and Specifications in accordance with Section 801 of the Housing Act of 1954, or Section 36.4525 of Veterans Administration Regulations. The warranty was executed for the purpose of inducing a VA-FHA loan.

Appellee moved into the house on February 1, 1957. On July 5, 1957 he sent appellants a ten-page letter listing 108 alleged defects in the construction. Appellants wrote a letter dated July 17, 1957 to the Veterans Administration requesting that a representative of the Administration meet with appellee and a representative of appellants to arbitrate the controversy.

On August 16, 1957 the FHA notified the parties that as a result of its inspection it thought appellants should accept responsibility for correcting eleven of the 108 items, and appellee should assume responsibility for the remaining items, which according to FHA were items of ordinary maintenance. Appellants undertook to remedy the eleven defects. On October 1, 1957 the FHA Director wrote to appellants thanking them for their cooperation and advising that the Director was closing his file concerning appellee's complaint.

Thereafter appellee filed this suit. He went to trial on his sixth amended petition. Appellants assert that appellee's cause of action is solely for breach of the written warranty for construction of the house in conformity with the plans and specifica-

tions. Appellee contends that his petition asserts a cause of action for breach of the written warranty and also for defects in construction.

We pause here to point out that non-conformity to plans and specifications is one thing; defects in material and workmanship constitute another thing. A house may be well built in all particulars, yet not be constructed in conformity with plans and specifications. On the other hand a house may conform to plans and specifications yet may eventually disclose defects in construction. City of Huntsville v. McKay, Tex. Civ.App., 286 S.W. 305, 307.

The distinction is important in this case, for the written warranty is only for substantial compliance with approved plans and specifications. And the warranty requires that appellee shall give written notice within one year of instances of failure to conform to the plans and specifications. Appellee failed to give such notice. His letter of February 1, 1957 listed 108 alleged defects in workmanship and materials. It did not give notice of alleged deviations from plans and specifications.

■ The jury found that appellee failed to give the required notice. There is ample evidence in support of the jury's finding. Since we believe notice was mandatory under the terms of the written warranty we have concluded that under the record now before us appellee is not entitled to recover in his cause of action based on the written warranty. We therefore sustain appellants' first and second points on appeal.

■ What of appellee's alleged cause of action for defects in the construction of the house? Appellants say appellee's sixth amended petition does not state any such cause of action. It must be admitted that appellee's pleading is not altogether clear. But it does refer to defects and evidence was admitted of defects. The case was submitted to the jury in part on the theory of defects. Therefore we hold that appellee's pleading alleges a cause of action on

the ground of alleged defects in the construction of the house separate from and in addition to the cause of action on the written warranty.

Nevertheless, appellee's judgment for alleged defects cannot be permitted to stand, for there is no evidence to support the jury's finding that reasonable compensation for repairs is $6,300.00.

The jury found in answer to Special Issue No. 11 that the house can be repaired without substantially reconstructing the building. In answer to Special Issue No. 12 the jury found that the sum of $6,300.00 will fairly and reasonably compensate appellee for such repairs. Judgment was rendered for that amount.

It is well established that the measure of damages for construction defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. Loggins v. Gates, Tex.Civ.App., 301 S.W.2d 525, 527; Birmingham v. Lindemann, Tex.Civ. App., 236 S.W.2d 843; Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 196 S.W.2d 340; McBurnett v. Smith & McCallin, Tex.Civ.App., 286 S.W. 599, 601; Waco Cement Stone Works v. Smith, Tex. Civ.App., 162 S.W. 1158, 1159; 10 Tex. Jur.2d 65; Restatement of Law of Contracts, Sec. 346; 76 A.L.R.2d 810.

The only evidence of the reasonable cost of necessary repairs we find in the record is that offered by the witnesses Webb, Gibson and Phillips. One of them testified such cost would be $100.00; another that it would be $600.00; the third that it would be $1,270.00. We find no evidence that the reasonable and necessary cost of the repairs would be $6,300.00. We sustain appellant's third point on appeal.

The judgment of the trial court is reversed and the case remanded for another trial.

Reversed and remanded.