**Milton O. MOORE, Appellant,**

v.

**Johnie C. WERNER et ux., Appellees.**

**No. 12.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 13, 1967.

James P. Wallace, Houston, for appellant.

John C. Werner, Houston, for appellees.

BARRON, Justice.

This action was filed in the trial court by appellees, Johnie C. Werner and wife, purchasers of the house involved, against Milton O. Moore, contractor, the appellant. Plaintiffs, Werner, alleged various defects in workmanship and materials in the house which they purchased from Moore and particularly alleged inferior concrete used in the construction of a pea gravel patio and driveway. The remaining items complained of were abandoned by plaintiffs and their entire suit involves the matter of the driveway and patio. Plaintiffs sought damages in the sum of $955.00 by reason of defective workmanship and materials in the house they purchased.

Trial was to the court. At the conclusion of the testimony the trial judge rendered judgment for plaintiffs, Werner, in the sum of $900.00, and made findings of facts and conclusions of law which were duly filed. The trial court found that there was an express warranty made by defendant contractor to plaintiffs regarding the construction of the house in a good and workmanlike manner; that there was an implied warranty of proper construction existing by law concerning the alleged defective and inferior patio and driveway, and that plaintiffs' damages amounted to the sum of $900.00.

Appellant, Moore, perfected his appeal to this Court.

Appellant attacks the trial court's judgment on grounds of no evidence. He contends by his first point that there is no evidence to support the trial court's conclusion that the appellant expressly guaranteed or warranted the work and materials for a period of one year. Both plaintiffs testified that the defendant did make such an oral warranty, and that they both "assumed" that a warranty existed for a period of one year. But the plaintiffs went to trial alleging and proving a written contract consisting of an earnest money contract, with description of materials to be used in the construction of the house, and plans and specifications. Nowhere in such instruments do we find a written or express warranty concerning the construction of this house. The oral testimony which bears upon this subject, if otherwise adequate at all, is incompetent and without probative force. This court will disregard any oral testimony of the parties received in violation of the parol or extrinsic evidence rule. Ross & Sensibaugh v. McLelland, 262 S.W.2d 205, 209 (Tex.Civ. App.) error ref., n.r.e.; Patton v. Crews, 264 S.W.2d 467, 470 (Tex.Civ.App.) error ref. n. r. e.; 23 Tex.Jur.2d, p. 504, Sec. 343.

While plaintiff Werner, an attorney trying his own case, stated to the trial court that an express warranty was agreed to before, during and after the date of the written contract, there was no competent evidence to sustain such a theory, and clearly there was no evidence to prove a parol modification of the written contract. His statement to the court as counsel will not suffice. We sustain appellant's first point of error.

Appellant's points two to six inclusive deal with the findings of the trial court to the effect that an implied warranty of fitness existed; that it was the duty of appellant to construct the house in a good and workmanlike manner, and that adequate materials were required to be used. The trial court made various findings that the

materials used were defective, that the workmanship was defective, and that the driveway and patio were not subject to any abuse or to any use out of the ordinary. The trial court concluded that the rule of implied warranty of proper construction applies to this case, and that such warranty renders the appellant liable for damages. The appellant, contractor, was bound to do his work in a good and workmanlike manner. Metropolitan Casualty Co. of New York v. Medina Rural High School Dist. No. 5, 53 S.W.2d 1026, 1028 (Tex.Civ.App.), writ dismd.; 10 Tex.Jur.2d, Sec. 17, p. 17. And the contractor must furnish adequate materials required to do the job. See New Home Construction Corp. v. O'Neill, 373 S. W.2d 798 (Tex.Civ.App.), ref., n. r. e.

The testimony of witness, Fleming, was to the effect that there was some mud or clay in the materials and there was only a thin layer of gravel or cement over this area of the driveway; that after a certain period of time it washed out, and there were holes as big as three or four inches around. In other areas there were holes as large as twelve or fourteen inches in width, where gravel was coming out. This, according to the witness, was caused by mud or dirt from beneath deposited by the workmen while they were doing the job. This condition existed throughout the driveway and patio areas. His testimony was also to the effect that the quality of the pea gravel and driveway was poor, and that all of the work would have to be torn out to do the job properly.

Fleming, who qualified as an expert witness, further testified that $1,889.00 would be required to correct the defects.

■ The parties in this case are the original parties to the contract. We think it is established in this State that a seller from whom property is purchased impliedly warrants that such property is reasonably fitted for and will reasonably perform the service for which it was sold. Fyfe Cement & Sup-

ply Co. v. Hacker, 372 S.W.2d 735 (Tex. Civ.App.), writ dismd.; Johnson v. Agricultural Bond & Credit Corp., 114 S.W.2d 385 (Tex.Civ.App.) no writ, and cases cited. Especially is this true when the seller knows that the property was bought for a special use or for a special purpose. 50 Tex.Jur.2d, Sec. 159, p. 468. Many of the authorities cited involve personalty, but we see no reason for any distinction between the sale of a new house and the sale of personalty, especially in a suit between the original parties to the contract, one of whom constructed the house in question. It was the seller's duty to perform the work in a good and workmanlike manner and to furnish adequate materials, and failing to do so, we believe the rule of implied warranty of fitness applies. Hoye v. Century Builders, 52 Wash.2d 830, 329 P.2d 474, 476; Mann v. Clowser, 190 Va. 887, 59 S.E.2d 78, 84; 13 Am.Jur.2d, p. 29, Sec. 27. The trial court determined the issues against appellant. We are bound by the trial court's findings and conclusions if there is any competent evidence to sustain them. We accordingly overrule appellant's points of error 2–6 inclusive.

■ Appellant's seventh point of error asserts that there is no evidence to support the trial court's findings that appellees were damaged in the sum of $900.00. We overrule this contention. The Witness Fleming testified fully as to the cost required to remedy the defects in the patio and driveway. It is well established that the measure of damages for construction defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. That $900.00 is reasonable, we believe the evidence in this case fully establishes. The evidence is sufficient. New Home Construction Corp. v. O'Neill, 373 S.W.2d 798, 800 (Tex.Civ.App.) ref., n. r. e.

The judgment of the trial court is affirmed.