Madelyn D. COKER, Appellant,

v.

The TRAVELERS INSURANCE
COMPANY, Appellee.

No. 5717.

Court of Civil Appeals of Texas,
Waco.

June 16, 1977.

Rehearing Denied July 21, 1977.

Paul J. Chitwood and John R. Vorhies, Chitwood, Riley & Snyder, Inc., Dallas, for appellant.

Stephen S. Livingston, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from judgment awarding her $3,932.78 attorneys' fees (plaintiff asserting such award inadequate).

Plaintiff Coker sued defendant Insurance Company on a group health insurance policy. Trial before the court resulted in judgment plaintiff take nothing. The Dallas Court of Civil Appeals reversed the judgment; rendered judgment for plaintiff for $3,967.31, and remanded the case to the trial court for determination of attorneys' fees under Article 3.62 of the Texas Insurance Code. Upon trial plaintiff sought an award of $23,850. attorneys' fees. The trial court rendered judgment for $3,932.78.

The trial court filed Findings and Conclusions summarized as follows:

### FINDINGS OF FACT

1) There were no pretrial motions which required a hearing.
2) No depositions were taken.
3) The case was submitted to the court on stipulated facts, with the attorneys making arguments and submitting trial briefs.
4) Plaintiff appealed the judgment and submitted a brief to the Court of Civil Appeals.
5) Plaintiff recovered $3,967.31 on the judgment rendered by the Court of Civil Appeals.
6) There were no other benefits to the insured incident to the prosecution of this suit already accrued or to accrue on account of the insurance policy.
7) As a result of the judgment plaintiff settled an additional claim in amount of $3,932.78 without necessity of litigation, but there is no evidence such recovery pertained to the insurance policy before the court.
8) A reasonable attorneys' fee for this case is $3,932.78, regardless of whether or not the settlement is considered as accruing on account of the policy before the court.
9) The case was a routine policy construction that turned on whether the policy was ambiguous.
10) Attorney for plaintiff unnecessarily complicated the case by raising a multiplicity of dubious legal theories.

11) Said attorney made this into a career case.

12) Said attorney acted in bad faith in seeking the large sum of $23,850. as attorneys' fees.

## CONCLUSIONS OF LAW

1) Plaintiff is entitled to a reasonable fee for the prosecution and collection of her loss herein.

Plaintiff appeals on 10 points contending:

1) The trial court erred in making findings 6 thru 12.

2) The trial court erred refusing to make additional findings and conclusions.

3) The trial court abused its discretion in holding that $3,932.78 is a reasonable fee for plaintiff's attorneys.

Article 3.62 Texas Insurance Code provides where a loss occurs on a life, health or accident insurance policy and the company does not pay within 30 days, that the company is liable for "reasonable attorneys' fees * * * [and] the court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy".

One witness testified reasonable attorneys' fees in this case would be between $3,000. and $4,000; another witness testified $20,000; plaintiff's counsel testified they had spent some 457 hours on the case, which at $50. and $75. per hour entitled them to $23,850.

The case was difficult and plaintiff's attorneys did a most commendable job; recovered $3,957.31 judgment, plus settling a related matter for $3,932.78.

The trial court found in finding 8 that a reasonable attorneys' fee for the case was $3,932.78 regardless of whether or not the additional settlement is considered.

■ The issue of attorneys' fees is a fact issue just like any other issue. *International Security Life Insurance Co. v. Spray,* Tex., 468 S.W.2d 347; *Braswell v. Braswell,* Tex.Civ.App. (Waco) 476 S.W.2d 444, Er. Dismd.

■ The evidence is ample to sustain finding 8; findings 6, 7 and 9 thru 12 are immaterial to the judgment; the trial court did not abuse its discretion in holding $3,932.78 a reasonable fee for plaintiff's attorneys; and the trial court did not err in refusing to make additional findings.

AFFIRMED.