Victor RICHMAN et ux., Appellants,

v.

Buddy WATEL, Appellee.

No. 5879.

Court of Civil Appeals of Texas, Waco.

April 6, 1978.

Rehearing Denied May 11, 1978.

Calvin A. Barker, Jr., Dallas, for appellants.

Ronald L. McKinney and Jerome L. Prager, Hoppenstein & Prager, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Richman from summary judgment they take nothing in suit for damages for breach of implied warranty of fitness of a new house they purchased from defendant builder-vendor Watel.

Plaintiffs Richman sued defendant Watel, a builder-vendor of new homes, alleging plaintiffs purchased a new home from defendant May 24, 1965; that there existed an implied warranty on defendant's part that the home was constructed in good workmanlike manner and was fit for the ordinary purpose of family residence; that on December 22, 1974 while plaintiffs were using the residence, negligently constructed by defendant, the floor in the front part of the home gave way making it unfit for the purpose of a residence. Plaintiffs sought damages for repairs, and for loss in market value of the house.

Defendant answered that the cause of action was barred by the Statute of Limitations.

Defendant moved for summary judgment asserting plaintiffs' suit was based on negligent construction of the house and/or breach of warranty of fitness; that a written warranty delivered with the house warranted the house against defects in materials and workmanship for one year from purchase, and provided there were no other warranties on the property; and further that plaintiffs' pleading was filed more than 4 years after purchase; thus being barred by the 4-year Statute of Limitations.

The trial court sustained defendant's motion and rendered summary judgment plaintiffs take nothing.

Plaintiffs appeal contending:
1) The trial court erred in rendering summary judgment.
2) An implied warranty of fitness existed on the house as a matter of law.
3) Plaintiffs' action based on implied warranty of fitness is a tort, therefore defendant's contract defenses do not apply.
4) The trial court erred in rendering summary judgment because a fact issue exists as to the time the Statute of Limitations commenced to run.

On May 24, 1965 plaintiffs purchased a new house from defendant builder-vendor. At such time defendant gave plaintiffs a written warranty which limited defendant's liability against defective conditions to a one-year period, and provided there were no other warranties made.

On December 22, 1974 the floor in the front room collapsed due to faulty construction and improper design. Defendant failed to install air vents causing inadequate subfloor ventilation which caused the beams to rot causing the floor to collapse.

■ When defendant built and sold the new house to plaintiffs he impliedly warranted the house was constructed in good workmanlike manner and was suitable for human habitation. *Humber v. Morton*, Tex., 426 S.W.2d 554, 25 A.L.R.3d 372; *Diana v. Parks*, (Texarkana, Tex.Civ.App.) NWH, 433 S.W.2d 761; *Moore v. Werner*, (14 Houston, Tex.Civ.App.) NWH, 418 S.W.2d 918.

■ And the express written warranty which defendant furnished plaintiffs did not limit or exclude such implied warranty of fitness. *Diana v. Parks*, supra; *Foremost Mobile Homes Mfg. Co. v. Steele*, (Fort Worth, Tex.Civ.App.) NWH, 506 S.W.2d 646.

■ The breach of the implied warranty of fitness arising from the construction and sale of a new house is considered to be a tort rather than a contract concept. *Humber v. Morton*, supra.

■ Limitation (here the 4-year statute) commences on the breach of implied warranty when the buyer discovers or should discover the injury. *Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc.*, (San Antonio, Tex.Civ.App.) NRE, 351 S.W.2d 119; *Summers v. Bransford-Hinds Building Co.*, (Eastland, Tex.Civ.App.) NRE, 383 S.W.2d 947; *Reliance Electric and Engineering Co. v. Carrier-Houston Corp.*, (1 Houston, Tex.Civ.App.) NRE, 445 S.W.2d 48.

And *Atkins v. Crosland*, Tex., 417 S.W.2d 150 holds:

"The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the

act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.

"If however, the act of which the injury is the natural sequence is of itself legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort * * * ".

The failure of defendant to properly vent the foundation did not give rise to a cause of action at the time; thus, plaintiffs' cause of action accrues and the statute of limitation begins to run when damages are sustained, here when the floor collapsed.

Plaintiffs' contentions are sustained.

REVERSED AND REMANDED.