COWHOUSE DAIRY, INC., et al., Appellants,

v.

AGRISTOR CREDIT CORPORATION, Appellee.

No. 5894.

Court of Civil Appeals of Texas, Waco.

April 27, 1978.

Rehearing Denied May 25, 1978.

**340**

Andy J. McMullen, McMullen, Connally, Robertson, Jordan, Holliman & Campbell, Inc., Hamilton, for appellants.

Joseph Robert Riley, Segrest, Mills, Cameron & Riley, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiff Agristor sued: 1) Defendants Cowhouse and the Parrishes on 3 notes aggregating $253,870., foreclosure of security interest on equipment securing same, plus reasonable attorneys' fees; 2) defendants Parrish on a land note, foreclosure of Deed of Trust and Vendor's lien securing same, plus reasonable attorneys' fees.

Defendants answered by a general denial.

Trial was before the court which rendered judgment to plaintiff for:

1) $253,870.33 against all defendants on the 3 notes, foreclosure of security interest on equipment, plus $32,114.11 reasonable attorneys' fees.

2) $2,399.48 against Cowhouse for collecting the property in which plaintiff held security interest.

3) $132,725.97 against the Parrishes on the land note, foreclosure of Deed of Trust and Vendor's lien on 711 acres securing such note, plus $13,272.60 reasonable attorneys' fees.

Defendants appeal only from that portion of the judgment awarding: 1) One-half recovery of the $132,725.97 on the land note, plus one-half of the $13,272.60 attorneys' fee; 2) The $2,399.48 against Cowhouse; 3) The $32,114.11 attorneys' fees.

The judgment is not appealed from insofar as it awards plaintiffs $253,870.33 on the 3 notes, foreclosure of security interest on property securing same, one-half of the $132,725.97 recovery on the land note, and one-half recovery of $13,272.60 attorneys' fees.

Points 1 through 7 assert the trial court erred in rendering judgment for more than one-half that which it did on the land note and on the attorneys' fees for collecting same.

Wayne and Treva Parrish bought 711 acres of land from Eustice Harris and wife Annie Harris in 1970, and signed vendor's lien note for $128,650.19 payable to Eustice Harris. The record reflects that Eustice Harris is dead, that Annie Mae Harris was his wife, and that "Annie Mae Harris, Individually and as Independent Executrix of the Estate of Eustice Harris" transferred and sold the note together with the vendor's lien securing same to plaintiff Agristor. Defendants contend there is no evidence that Eustice Harris' will contained a provision which authorized the Independent Executrix to sell assets of the estate; that the transfer of the note by Annie Mae Harris was only effective to transfer her individual one-half interest, that the other one-half interest is owned by Eustice Harris estate.

We reject the contention. Defendants filed only a general denial. Rule 93 TRCP requires verified denial of the assignment. Section 3.307(b) Texas Business and Commerce Code provides that "where signatures are admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense". And Section 3.306(4) Texas Business and Commerce Code provides " * * * The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party". Finally the transfer of the lien to Agristor was signed by Annie Mae Harris which is evidence that Mrs. Harris was the owner of the note. Points 1 through 7 are overruled.

■ Points 9 through 10 assert the $2,399.48 award against Cowhouse is supported by no evidence, legally insufficient evidence, and factually insufficient evidence. The notes provided Cowhouse to pay all costs of collection. The witness Harbison, Assistant District Manager of Agristor testified to the figure of $2,399.48 as amount of expenses incurred in gathering the assets. He further testified that "just under $2400." Such is evidence and is ample to sustain the judgment. Points 8 through 10 are overruled.

■ Points 11 through 13 assert the trial court erred in rendering judgment for $32,114.11 reasonable attorneys' fees on the 3 notes aggregating $253,870.33.

What sum constitutes a "reasonable" attorneys' fee is a fact issue. *Coker v. Travelers Ins. Co.*, CCA (Waco) NRE, 553 S.W.2d 421; *International Security Life Ins. Co. v. Spray*, S.Ct., 468 S.W.2d 347; *Coward v. Gateway National Bank of Beaumont*, S.Ct., 525 S.W.2d 857. The record before us is ample to support and sustain the trial court's determination.

Points 11 through 13 are overruled.

AFFIRMED.