Vernon R. YOUNG, Jr., Individually and as Trustee, and Michael D. Rembert, Trustee, Appellants,

v.

Richard M. DeGUERIN and wife, Ann M. DeGuerin, Appellees.

No. 17436.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1979.

Morris & Campbell, Rhett G. Campbell, Preston L. Dodson, Houston, for appellants.

Eikenburg & Stiles, Paul Leake, John F. Rhem, Jr., Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and EVANS, JJ.

DOYLE, Justice.

Vernon R. Young, Jr. and Michael D. Rembert, appellants, appeal from a judgment in favor of Richard M. DeGuerin and wife, appellees, awarding them damages for appellants' breach of a townhouse construction contract pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 1741, (Vernon 1978) et seq. (TDTPA). The trial court found that the cost of remedying the defects and damage to appellee's townhouse to be at least $15,000.00, trebled; that appellees were entitled to $5,000.00 for mental anguish, not trebled and $5,000.00 for attorney fees. Appellants were awarded $1,992.20 on the counterclaim, not to be offset against appellees' recovery. We reform and affirm.

In February 1973, appellees and appellant entered into a contract for the construction of a townhouse. Appellees' townhouse was one of six to be built by Young for several friends. Each of the friends purchased his own lot and subsequently conveyed the land to Young, as trustee, who then executed mechanic's and materialmen's lien contracts with each owner in order to obtain permanent financing. Cost of appellees' townhouse was approximated to be $44,700.00 with a clause inserted in the contract allowing for necessary cost adjustments upwards or downwards. At closing, appellees were confronted with a promissory note reciting an additional $10,180.00 for construction costs. Appellees questioned this and inserted a clause in the note stating it was disputed and subject to negotiations and offset. Appellees then executed the note along with a deed of trust securing its payment. Settlement of the note could not be reached and appellees refused to pay it. Thereaft-

er, Rembert, trustee under the deed of trust, attempted to foreclose on the property and appellees instituted this suit for an injunction alleging non-negotiation of the note. The court granted a temporary injunction and appellant Young counterclaimed for the amount of the note. Appellees then filed an amended pleading alleging breach of an implied warranty of habitability due to defective workmanship in the townhouse and violation of the TDTPA on the part of appellant Young and praying for relief as provided in Sec. 17.50(b) of the Act.

In his appeal, appellant states 34 points of error. The record before this court includes the transcript, statement and facts, and exhibits. Findings of fact and conclusions of law were requested and filed. (Appellees bring a limited appeal from the trial court judgment claiming the damages for mental anguish must be trebled pursuant to the TDTPA).

Appellant Young's first 12 points of error complain that the trial court erred in holding him personally liable for the improper construction of the townhouse, for failure to negotiate the disputed note, and for failing to correct any defects in the townhouse. Undisputed evidence revealed that Young was a corporate officer in several construction companies at the time appellees' townhouse was built. However, the contract Young introduced into evidence, which is the one on which both parties rely, did not disclose any corporate entity or any representative capacity on his part. The contract was executed only by Young and appellees. Appellant confirms his personal liability by his pleadings on which this case went to trial. In his first amended answer, paragraph II he alleges:

> "That VERNON R. YOUNG, JR., and the plaintiff herein closed a building transaction on or about the 16th day of October, 1973, . . . ."

Again in his original counterclaim in paragraph II he states:

> "Counter-Plaintiff would show that he entered into certain building specifications, a copy of which is an agreement with Counter-Defendant to build a two-bedroom two story townhouse for Counter-Defendants in early January or February, 1973, which townhouse was to be built in accordance with certain building specifications, a copy of which is attached to Plaintiff's Original Petition as Exhibit "A". Counter-Plaintiff would further show that he did build or cause to be built said townhouse in accordance with the building specifications."

Because of such admissions in appellants' pleading, appellees were not required to prove such facts, and thus the trial court correctly found appellant personally liable for all of appellees' damages. *Kelso v. Hawkins*, 293 S.W.2d 807 (Tex.Civ.App.-Austin 1956, writ ref'd n. r. e.); *Caulk v. Anderson*, 120 Tex. 253, 37 S.W.2d 1008 (1931); *Red River Valley Pub. Co. v. Bridges*, 254 S.W.2d 854 (Tex.Civ.App.-Dallas 1952, writ ref. n. r. e.). Appellant's first 12 points of error are overruled.

In points of error 13 through 19, appellant argues that the trial court erred in finding that there were breaches of implied warranties in the construction of the townhouse and that such breaches constituted deceptive trade practices. Appellant also complains of the amount of damages awarded for such breaches.

To negate the existence of an implied warranty in this case, appellant contends that there was no sale of real estate, but only the sale of construction services and that the sale of services alone would not give rise to any implied warranty. As authority for this contention *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968) is cited. In the *Humber* case the contractor built a house and conveyed it with a lot to the purchaser. The court held in that case that the contractor impliedly warranted that the house was constructed in a good workmanlike manner and was suitable for human habitation. The court further held at 556 of its opinion that:

> "The implied warranty of fitness arises from the sale and does not spring from the conveyance."

Cited in the *Humber* case is the case of *Moore v. Werner*, 418 S.W.2d 918 (Tex.Civ. App.-Houston [14th Dist.] 1967, no writ) holding:

> Many of the authorities cited involve personalty, but we see no reason for any distinction between the sale of a new house and the sale of personalty, especially in a suit between the original parties to the contract, one of whom constructed the house in question. It was the seller's duty to perform the work in a good and workmanlike manner and to furnish adequate materials, and failing to do so, we believe the rule of implied warranty of fitness applies. (citations omitted)

In the recent case of *Richman v. Watel*, 565 S.W.2d 101 (Tex.Civ.App.-Waco 1978, writ ref'd n. r. e.), the court, citing both *Humber v. Morton,* supra and *Moore v. Werner,* supra, stated "[w]hen defendant built and sold the new house to plaintiffs he impliedly warranted the house was constructed in good workmanlike manner and was suitable for human habitation."

■ Appellant argues that since the appellees purchased only construction services from appellant and not goods, chattels, or real estate, no implied warranty arose. The evidence sustains the trial court's conclusion that the acts of appellant made the basis of appellees' suit grew out of "promises to provide services in connection with the sale of real estate." Actually there was a realty sale in the transaction. Appellees conveyed the land in trust to appellant to secure in the building of the townhouse. Thereafter, appellant conveyed the land with the townhouse thereon to appellees, receiving as payment one promissory note of $43,600 and another of $10,180 and retaining a lien on appellees' realty on which the townhouse was built. However, we agree with appellees that whether or not real estate is involved in the sale should make no difference since it is the quality of the house which carries the implied warranty. It is sufficient for recovery under the TDTPA that appellees prove the implied warranty of suitability for human habitation and workmanlike construction, the breach thereof and that such breach is the proximate cause of appellees' damages, *Richman v. Watel,* supra. To hold otherwise would deny recovery to a consumer who proved faulty workmanship and materials if he owned his lot and hired a contractor to build it, and would allow recovery under the same fact situation to a consumer who bought his lot and house in a package deal from the contractor.

■ Appellant next complains that there is no competent evidence to sustain the award of damages. Evidence adduced at this trial showed that while the building was structurally sound, but contained numerous defects. The trial court correctly held that the measure of damages for "defects which can be remedied without impairing the building as a whole is the reasonable cost of the remedying the defects." *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352 (Tex.Civ.App.-Tyler 1973, writ ref'd n. r. e.); *Drury v. Reeves,* 539 S.W.2d 390 (Tex.Civ.App.-Austin 1976, writ ref'd n. r. e.). The amount of damages upon which the court based its finding was stated by Richard Cunningham, a consulting structural engineer. Mr. Cunningham went through appellees' home in 1974 making notes of the problems and subsequently sent a report to appellees. The notes and report were introduced and admitted into evidence. While Mr. Cunningham is not a builder, he stated his estimate was based on experience. "I have a feel for what needs to be done and I just kind of equate that with what I think it would cost to do that." He further explained that he was currently informed on with construction costs to a certain degree because he was involved in the building of an office and townhouse and he hears a lot of costs per square foot discussed in the field he is in. He said he had taken no bids or breakdown costs to arrive at his figure. He further stated that it was very hard to keep current on costs these days. Mr. Cunningham's testimony gives a sufficient predicate for awarding damages. If the evidence affords a reasonable basis for estimating the loss, then the appellees should not be denied recovery simply because the exact amount is incapable

of ascertainment. *Hindman v. Texas Lime Company*, 157 Tex. 592, 305 S.W.2d 947 (1957). It is not incumbent upon plaintiffs to prove their damages with mathematical exactness, but only to meet the test of reasonable certainty. *City of San Augustine v. Roy W. Green Co.*, 548 S.W.2d 467 (Tex.Civ.App.-Tyler 1977, writ ref'd n. r. e.). Mr. Cunningham visited the townhouse, took notes, filed a report and then testified to an estimate of $15,000 based on his observations at the home. The trial court also had before it numerous photographs and exhibits depicting the poor workmanship, inferior materials and their effect on general habitability of the townhouse, together with the testimony of other parties, including that of the appellees, as to the extent of the defects. From such evidence, the trial court could find both the extent and reasonableness of the damage. *Moren v. Pruske*, 570 S.W.2d 442 (Tex.Civ.App.-San Antonio 1978, writ ref'd n. r. e.). Points of error 13 through 19 are overruled.

In point of error 20, appellant complains of the award of damages for mental anguish. Although not prayed for, the trial court awarded $5,000 actual damages for mental anguish over appellant's objection. The appellees file one point of error complaining of the trial court's refusal to treble the $5000.

Several appellate cases have been decided holding that the actual damages under the TDTPA are common law damages only. *Cantrell v. First Nat. Bank of Euless*, 560 S.W.2d 721 (Tex.Civ.App.-Fort Worth 1977, writ ref'd n. r. e.); *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619 (Tex. Civ.App.-Beaumont 1978, writ ref'd n. r. e.). These cases further held that damages for mental anguish cannot be recovered in a case under the Act in the absence of actual physical injury. In the *Dennis Weaver Chevrolet* case the opinion by Justice Keith thoroughly analyzes the issue of mental anguish as an element of damages under TDTPA. In summary the Beaumont court held that in the absence of physical injury there could be no recovery for mental anguish under TDTPA and that by actual damages the Act meant common law dam-

ages only. The court found no physical injury and removed the $3900 from the judgment that the trial court awarded and trebled for mental anguish.

Appellees cite *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977), as authority for their entitlement to treble damages for mental anguish. Whether the Texas Supreme Court in the *Woods* case expressly decided that damages for mental anguish are recoverable under TDTPA, if not otherwise recoverable by law, is discussed in the recent case of *American Transfer and Storage Company v. Brown*, 584 S.W.2d 284 (Tex.Civ.App.-Dallas 1979, no writ). This case citing *Dennis Weaver Chevrolet, Inc.*, supra, pointed out that the question of whether damages for mental anguish under the Act were recoverable was not before the Supreme Court in the *Woods* case and that the net effect of its holding on this point was to affirm the civil appeals court's judgment that the mental anguish issue as to damages was defective. It is noteworthy that the civil appeals court did not rule on mental anguish, but expressly stated in *Littleton v. Woods*, 538 S.W.2d 800, 802 (Tex. Civ.App.-Texarkana 1976):

Implied warranty of merchantability in a real estate transaction is not reached, neither is recovery of damages for mental anguish nor numerous other legal issues presented in the appeal.

■ A review of all authorities cited leads us to the conclusion that there is no provision under Sec. 17.50 of the Act for the recovery of damages for mental anguish. Clearly, the Act makes no mention of mental anguish. We are not inclined to create a new cause of action for tort under the Act and thus invade the legislative province. We hold that the trial court erred in awarding appellees damages for mental anguish.

■ There exists another ground for not allowing the award of damages for mental anguish to appellees. They have not proved that mental anguish was suffered. The following resume is all the evidence appellees offered in support of the award of mental anguish.

Mrs. DeGuerin stated that she was "trapped" in her home with the construc-

tion workers there; the doors were open all the time; it was not very pleasant; water ruined the upstairs making it look really bad and that it was embarrassing. She further testified that water dripped on her sister's head, and part of the ceiling fell down when her husband hit a light fixture with a broom while their families were visiting. Mrs. DeGuerin also stated that she was breastfeeding her child several times a day and she was forced to retreat to her bedroom and close the door each time to do so, as the house was full of workmen. When her attorney asked her if she were under any stress, she replied "a tremendous amount."

At best the above summary of events reveals only inconveniences and unpleasantness attendant to any repair work upon occupied premises.

■ In points of error 21 through 24, appellant complains that the trial court erred in reducing the promissory note from $10,180.00 to $1,992.20. The disputed note was signed upon the condition that it would be further negotiated. DeGuerin testified he attempted to talk to Young about it asking for receipts, charges and credits to show he owed the claimed amount.

A list of items was tendered into evidence which appellee stated was the additional work he was being charged for. Appellee then proceeded to go through these items and state what should be paid, what was not done, and what he had paid for himself. At the end of his testimony appellee had credits in excess of $7,000. Appellee also stated he expected to pay about $2,000 in additional costs, but not $10,000. The trial court had ample evidence upon which to base its reduction of the note. On appeal there is a presumption that the trial court made such findings as were necessary to support the judgment. *Badeaux v. Cohen*, 437 S.W.2d 310 (Tex.Civ.App.-Houston [14th Dist.] 1969, no writ).

The reduction in the promissory note would not constitute a double recovery as appellant contends. The note and damages award are separate and distinct. The court found that some of the charges in amount of the note had been paid by appellees and the court reduced the note by this amount. The damages award was based on the testimony of an engineer, appellees and other parties, as well as various exhibits and photographs offered to show the breach of the implied warranty of habitability and workmanship in the construction of the townhouse.

■ In points of error 31 and 32, appellant complains of the award of attorney's fees. The trial court was correct in allowing counsel to reopen his case to prove his attorney's fees, Rule 270 T.R.C.P.; *Zodiac Corp. v. General Elec. Credit Corp.*, 566 S.W.2d 341 (Tex.Civ.App.-Tyler 1978, no writ); *Smart v. Missouri-Kansas-Texas R. Co.*, 560 S.W.2d 216 (Tex.Civ.App.-Tyler 1977, writ ref'd n. r. e.). The court, as the trier of fact, may decide the reasonableness of such fees. *Coker v. Travelers Ins. Co.*, 553 S.W.2d 421 (Tex.Civ.App.-Waco 1977, writ ref'd n. r. e.).

We have examined appellants' other points of error and find them to be without merit. They are overruled.

We reform the judgment of the trial court by denying any recovery for mental anguish and reduce the amount of the recovery by $5000. The remainder of the judgment is affirmed in every respect.

The judgment is reformed and affirmed.