**FREEDOM HOMES OF TEXAS, INC., Appellant,**

v.

**Jane DICKINSON, Appellee.**

**No. 1495.**

Court of Civil Appeals of Texas, Corpus Christi.

April 24, 1980.

Rehearing Denied May 15, 1980.

William L. Hubbard, Bonner & Bonner, Harlingen, for appellant.

Robert H. Kern, III, McAllen, for appellee.

OPINION

NYE, Chief Justice.

Plaintiff, Mrs. Jane Dickinson, brought suit under the provisions of the Texas Deceptive Trade Practices-Consumer Protection Act[1] against defendant, Freedom Homes, Inc., to recover damages which she alleged resulted from violations of the Act connected with her purchase of a mobile home. The cause was tried before a jury, and, in response to special issues, the jury found defendant had engaged in deceptive trade practices but awarded plaintiff damages for only mental anguish and attorney's fees. Defendant appeals.

Plaintiff alleged that she purchased a mobile home from defendant in August of 1977. During the course of the sale, defendant's agent, Margaret Tomlinson, represented to plaintiff that the mobile home in question would be fit for habitation during the entire period of the 15-year mortgage and that the home would be installed and maintained in a good and workman-like manner by defendant during such warranty period. Plaintiff alleged that these representations were false, and adversely affected her so that, as a direct and producing cause of the deceptive trade practices, she had been required to expend the sum of $4,629.00, and was incurring additional damages at the rate of $172.00 per month. Plaintiff also alleged that, in all probability, she would be required to pay the difference between the balance of the mortgage owed on the mobile home and the fair market value of the mobile home, which was an amount equal to $5,000.00. Additionally, plaintiff alleged that she had suffered mental anguish, for which she should be com-

1. Tex.Bus.Com.Code § 17.41, et seq. (Supp.1980).

pensated. In accordance with these allegations, plaintiff sought treble damages, damages for mental anguish she had suffered, plus attorney's fees.

Evidence was introduced at trial which showed that plaintiff, a surgical nurse, and her son had moved to Texas to be near her relatives after the death of her husband and daughter. She planned to place the mobile home that she had purchased on property she had leased adjacent to the home of her elderly parents. After the mobile home was delivered, plaintiff noticed several problems in the home which she reported to the defendant and also to her finance company. There is considerable testimony concerning the defects and defendant's efforts to make necessary repairs to the mobile home. There is testimony in the record to the effect that plaintiff never lived in the mobile home but moved into her parents' small home and paid rent to them rather than live in the mobile home. Plaintiff's son did, however, spend nights in the mobile home. After some of the repairs had been made, plaintiff was still dissatisfied. She refused to permit additional repairs and filed this suit.

In response to numerous special issues, the jury found, in substance, that: 1) the representation by the salesperson that plaintiff's mobile home would be fit for habitation for a period of fifteen years with proper care and maintenance was a representation that the mobile home had uses which it did not have and that plaintiff was adversely affected by such representation; 2) the same statement was a representation that plaintiff's mobile home was of a particular quality when, in fact, it was not and that plaintiff was also adversely affected by this representation; and 3) the warranty by the salesperson that plaintiff's mobile home would be installed in a good and workman-like manner was breached. The jury failed to find that such breach was a deceptive trade practice or that plaintiff had been adversely affected by such breach. The jury also failed to find that the representation that the warranty work would be performed in a good and workman-like manner was breached or that there was a

difference in the fair market value of the mobile home as represented by the salesperson and as delivered to plaintiff. The jury did find, however, that the sum of $4,352.00 would fairly compensate plaintiff for the "mental anguish" she had suffered and that the sum of $9,000.00 would compensate plaintiff for attorney's fees during the course of the trial and on appeal. The trial court then entered judgment awarding plaintiff damages for such mental anguish and attorney's fees.

Defendant appeals, assigning four points of error. Plaintiff presents two cross-points. The major appellate dispute is set forth in point of error one which complains that the trial court erred in entering judgment allowing plaintiff to recover damages for mental anguish when such damages are not recoverable under the Act, absent actual physical injuries. Plaintiff appellee, on the other hand, contends that the Supreme Court case of *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977) authorizes her to recover damages for mental anguish.

The question of whether or not damages for mental anguish are recoverable under the Act has been considered in several other intermediate appellate decisions. In each such case, the question has been decided adversely to plaintiff's contention. These cases hold that the "actual damages" recoverable under Section 17.50 of the Act refer to common law damages only. See *Young v. DeGuerin*, 591 S.W.2d 296, 300 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Am. Tr. & Storage Co. v. Brown*, 584 S.W.2d 284, 297 (Tex.Civ.App.—Dallas 1979, writ granted); *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619, 622 (Tex. Civ.App.—Beaumont 1978, writ ref'd n. r. e.); *Cantrell v. First Nat. Bank of Euless*, 560 S.W.2d 721, 727 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.). These cases uniformly hold that damages for mental anguish cannot be recovered under the Act absent actual physical injuries or circumstances in which such damages would be recoverable under common law principles.

The question of whether *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977), is authority for recovery under the Act for damages due to mental anguish, as appellant contends, was discussed in the recent cases of *Young v. DeGuerin*, 591 S.W.2d 296, 298 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ) and *Am. Tr. & Storage Co. v. Brown*, 584 S.W.2d 284, 297 (Tex.Civ.App.—Dallas 1979, writ granted). These cases point out that the Supreme Court did not decide the question of whether damages for mental anguish were recoverable under the Act because the Supreme Court merely affirmed the judgment of the Court of Civil Appeals on the point that the mental anguish special issue was defective. It is noteworthy that the Court of Civil Appeals in the *Woods* case expressly declined to reach the question of whether the Act authorized a recovery of damages for mental anguish. See *Littleton v. Woods*, 538 S.W.2d 800, 802 (Tex.Civ.App.—Texarkana 1976), aff'd *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977).

■ Chief Justice Guittard, addressed the subject in *Am. Tr. & Storage v. Brown*, 584 S.W.2d 284, 297 (Tex.Civ.App.—Dallas 1979, writ granted)[2] by saying:

"The demands on the judicial system for reparation of substantial monetary losses are so great that only in exceptional circumstances should courts be required to take account of the emotional distress unaccompanied by physical injury. If such damages are recoverable, whenever a property loss is claimed, the plaintiff can always testify concerning his subjective reactions and thus inject an element of damage that can rarely be rebutted, has no monetary measure, and is subject to no limits but the sympathy of the jury and the conscience of a reviewing court." Citing *Harned v. E–Z Finance Co.*, 151 Tex. 641, 254 S.W.2d 81, 86 (1953).

A careful review of all of the authorities cited leads us to hold that there is no provision under the Act for the recovery of damages for mental anguish not otherwise recoverable under common law principles. Appellant's point of error one is sustained.

■ Plaintiff argues, however, that even if we should require a further jury finding of physical injury or other circumstances (such as willfulness on the part of appellant in committing the deceptive trade practices in this case), we must consider such issues as "omitted issues" and deem them found in support of the trial court's judgment, citing Rule 279, Texas Rules of Civil Procedure. The Rule upon which plaintiff relies does not apply to the case before us. Here, appellant specifically objected to the submission of the mental anguish issue on the grounds that it did not require the jury to find that there was a specific intent on the part of the appellant. It is well settled that favorable jury findings on some of the elements of a cause of action or defense are of no effect where some issues are omitted and proper complaint is made by the opposing party. See *Grubb v. Grubb*, 525 S.W.2d 38, 43 (Tex.Civ. App.—El Paso 1975, writ ref'd n. r. e.).

We are also of the opinion that the evidence is insufficient to raise an issue that plaintiff's emotional distress, if any, was accompanied by some physical injury. Omitted issues will be deemed found in support of a judgment only if such omitted issues find support in the evidence. *Fawcett v. Bellah*, 556 S.W.2d 598 (Tex.Civ.App. —Corpus Christi 1977, no writ); Rule 279, Texas Rules of Civil Procedure. The only evidence concerning a physical injury was plaintiff's testimony to the effect that she suffered diarrhea and gas pains. She stated that she lacked privacy because she was required to live with her parents. She testified that she had difficulty sleeping in her parents' home because her father, who was hard of hearing, watched television late at night with the sound volume high. She said she also had crying spells. However, she did not testify as to the frequency or duration of such crying spells, or as to any

---

**2.** We note that the Supreme Court, in granting a writ in the *Am. Tr. & Storage Co.* case, agreed to examine four points of error, all of which are unrelated to the question now before us. See 23, Texas Supreme Court Journal, no. 5, p. 49 (Nov. 3, 1979).

other physical manifestations of her mental distress. On cross-examination, she testified that she was a registered nurse employed at the McAllen General Hospital and admitted that she saw doctors every day, knew doctors in the Valley, and that she had a family physician, but that she had never consulted a doctor concerning any physical problem associated with her mental anguish.

Mental anguish has been defined as "a high degree of mental suffering" and "intense pain of body or mind". *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, 581 S.W.2d 201, 204 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619, 622 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.); *Western Union Telegraph Co. v. Chamberlain*, 169 S.W. 370, 371 (Tex.Civ.App.—Austin 1914, no writ). The term "anguish" is derived from the Latin word "anguis," a snake, referring to the writhing and twisting of the animal body when in great pain. *Dennis Weaver Chevrolet, Inc. v. Chadwick*, supra at 622; *Western Union Telegraph Co. v. Chamberlain*, supra. In order to recover for mental anguish, it is necessary to show something more than mere worry, anxiety, vexation or anger as was shown here. *Ryder Truck Rentals v. Latham*, 593 S.W.2d 334, 339 (Tex.Civ.App.—El Paso 1979, no writ); *Cactus Drilling Company v. McGinty*, 580 S.W.2d 609 (Tex.Civ.App.—Amarillo 1979, no writ).

Plaintiff cites us to the general rule applicable to personal injury cases, to the effect that mental suffering may be implied from illness or injuries accompanied by physical pain. See *Applebaum v. Michaels*, 384 S.W.2d 148, 152 (Tex.Civ.App.—Texarkana 1964, writ ref'd, n. r. e.). This general rule does not assist plaintiff under the facts of this case. The subjective mental symptoms to which plaintiff testified reflect no more than mere vexation, frustration or anger. These symptoms were not shown to be caused by appellants' acts, but rather were interconnected by plaintiff's lack of privacy and the cramped living conditions she experienced by living in her parents'

home. The evidence concerning her slight digestive disorders, standing alone, is not evidence of mental anguish in its common law compensable form. We are of the opinion that the evidence is insufficient to support an award of damages for mental anguish. *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619 (Tex.Civ.App.—Beaumont 1978, writ ref'd, n. r. e.). See also 17 Tex.Jur.2d, Damages, §§ 122–136 (1960). Accordingly, we sustain appellant's points of error three and four. See *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Unless we find that plaintiff's cross-points have merit, we must sustain appellant's second point of error which contends that the trial court erroneously awarded plaintiff attorney's fees. Absent a judgment for actual damages, the award of attorney's fees under the Act cannot stand. See *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813, 817 (Tex.Civ.App.—Dallas 1979, no writ); *Reiger v. DeWylf*, 566 S.W.2d 47, 48 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

In cross-point one, plaintiff complains that the trial court erred by refusing to submit to the jury the following special issue concerning damages:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate JANE DICKINSON (plaintiff) for her damages?

In answering this question, you shall consider the difference, if any, between money paid, and which, in reasonable probability will be paid by JANE DICKINSON for the mobile home in question, and the fair market value of the use and benefits, including the right of resale, conferred upon JANE DICKINSON by her ownership of such mobile home.

ANSWER IN DOLLARS AND CENTS, IF ANY

ANSWER: _____."

Although plaintiff does not agree with the negative answer to the damage issue

that was found by the jury, "[she] does not challenge the evidentiary basis for this conclusion by the jury." Rather, plaintiff argues only that the jury probably would have returned an affirmative finding of damages had the trial judge submitted the damage issue above quoted.

■ There are several reasons why we cannot sustain this cross-point. First, plaintiff failed to promptly perfect her complaint for appellate review. While formal bills are not necessary for matters otherwise shown in the record, requested issues, when "refused" or "modified" and signed by the judge, will constitute a bill of exception, which should be filed with the clerk and included in the transcript. See Rules 276, 372, and 376, Texas Rules of Civil Procedure. The adverse ruling of which complaint is made on appeal must be shown somewhere in the record. *Twin City Fire Insurance Company v. King*, 510 S.W.2d 370, 376 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); Rule 376, Texas Rules of Civil Procedure. Here, although appellee's requested special issue on damages is included in the transcript, standing alone, there is nothing in the record to indicate that such issue was presented to the trial judge for his consideration or refused. Plaintiff's objections to the trial court's charge did not include an objection pointing out the deficiency of the damage issue as it was submitted. Moreover, the statement of facts indicates to us that the parties may have reached an agreement on the damage issue by adding a definition of "fair market value" to the issue that was submitted to the jury. After appellee stated her general objections to the trial court's charge, the following discourse took place:

"(Court): All right.

(Attorney for appellant): Your Honor, it was my understanding that the fair market value, we can add that and I would not object on those grounds. I think we have agreed. The definition of fair market value is not here for the rest of the definition.

(Court): It is not?

(Attorney for appellant): If that could be added, that would be fine.

(Attorney for plaintiff): That is agreeable with the Plaintiff."

Any error in the submission of a special issue cannot be complained of where the counsel for the complaining party has agreed to its submission. *Gorsalitz v. Harris*, 410 S.W.2d 956, 959 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.).

■ In addition to waiving appellate review of this complaint, plaintiff has failed to show that the trial court erred in failing to submit this requested issue. Appellee's requested special issues and instructions were submitted "en masse" rather than submitting each issue or cluster of issues separately. Under such circumstances, no error is presented by the trial court's refusal to submit one specific special issue of a group, if any one of the issues as requested was improper or was already included in the charge. *Swinney v. Winters*, 532 S.W.2d 396, 404 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 101 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Griffey v. Travelers Insurance Company*, 452 S.W.2d 725, 727 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e.).

We are of the opinion that the trial court submitted a proper measure of damages to the jury under the circumstances. Plaintiff's first cross-point is overruled. Our disposition of this cross-point makes it unnecessary for us to consider plaintiff's second cross-point concerning the trial court's failure to enter a judgment for treble damages.

The judgment of the trial court is accordingly reversed and judgment is here rendered that plaintiff take nothing.