PAUL PRESSLER, Justice.
This is an appeal from a summary judgment granted in favor of appellees. We affirm.
On August 5, 1977, Rowland Hawkins purchased real property borrowing a portion of the purchase price from appellee, Holland Mortgage and Investment Corporation. Hawkins executed a note for $121,-000 and granted a Deed of Trust to Holland. On August 17, 1977, Holland assigned the note to appellee, Trans-Ohio Savings Bank. On December 30, 1981, Hawkins conveyed the property to the Dolphin Corporation, which assumed the note and granted a Deed of Trust. On February 2, 1982, Dolphin, Hawkins, and Trans-Ohio agreed to a modification of the note whereby Dolphin agreed to an increase in the interest rate from 9.25% to 9.8757' and to pay a fee of $2,341.96.
Between March 5, and March 26, 1984, appellant and Dolphin executed an Earnest Money Contract in which appellant agreed that the seller would not be liable for any transfer fees or other points or costs associated with the assumption. Appellant contacted appellee, Manufacturers Hanover, the servicing agent of the modified note, to request its assistance in his purchase of the property from Dolphin. Manufacturers Hanover performed its service, and on April 4, appellant purchased the property and assumed the note as modified.
Appellant made payments under the original interest rate from May to August. Manufacturers Hanover hired an attorney to enforce the modified note and collect the additional interest. Appellant tendered the unpaid amounts, late charges, attorney’s fees, and a $150 transfer fee, and then sued Manufacturers Hanover, Holland, and Trans-Ohio alleging claims of fraud, breach of contract, violation of the Consumer Credit Protection Act, and violations of the Texas Deceptive Trade Practice Act. Ap-pellees were granted a summary judgment.
Appellant brings two points of error. In the first, he argues that the trial court erred in granting a summary judgment because several issues of material fact existed. In the second, he contends that the trial court erred in granting summary judgment because all causes of action raised by appellant were not negated. These points will be considered together.
Appellant argues that attorney’s fees of $1,505.50 for collection of $6,469.61 are excessive. He relies on a portion of the deed of trust which reads:
... and the customary provision that in case the same is placed in the hands of an attorney for collection, or collected through any court proceeding the holder may add to the amount of principal and interest then due thereon, the sum equal to 10 percent of that amount as an attorney fee.
Appellees point to another portion of the deed of trust which reads:
In the event an attorney is employed to obtain enforcement of any of the provisions of the deed of trust, the entire indebtedness is not declared due and payable, a reasonable attorney’s fee shall be payable by grantors.
Which provision applies is a question of law upon which the court may rule in considering a summary judgment. Jones v. El Paso Natural Gas Products Co., 391 S.W.2d 748 (Tex.Civ.App.-Austin 1965, writ ref’d n.r.e.). The trial court properly applied the provision of the second cited portion of the deed of trust. It refers to the enforcement of a provision of the deed of trust, as we are concerned with here, and the first cited refers to the collection of the note.
The amount which constitutes “reasonable” attorney’s fees is a fact issue. Cowhouse Dairy, Inc. v. Agristor Credit Corp., 566 S.W.2d 339 (Tex.Civ.App.-Waco 1978, no writ). Appellees produced an affidavit from their attorney which stated that the fees charged were reasonable and actually incurred in the collection process. Appellant’s only controverting evidence were pleadings, sworn to by appellant, which stated that attorney’s fees were wrongly charged. The law is well settled that pleadings do not constitute proper summa *424 ry judgment proof even if they are sworn. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.1977); Inwood Forest Community Improvement Assn. v. R.J.S. Development Co., Inc., 630 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1982, no writ). Appellant’s pleadings were insufficient to raise a genuine issue as to any material fact.
Appellant also complains that charging a transfer fee was improper. At the request of appellant, Manufacturers Hanover performed services relating to the assumption of the mortgage by appellant. In return for these services, Manufacturers Hanover charged a $150 transfer fee. Appellant alleges fraud and breach of contract. Ap-pellee presented summary judgment proof establishing that the appellant was charged for changing the records and preparing an assignment which was necessitated by the appellant’s purchase and his assumption of the note. The appellant, on the other hand, relied upon verified pleadings which are incompetent as summary judgment proof. Hidalgo, supra. Appellant has failed to raise a fact issue on breach of contract or fraud.
Appellant further complains of the increased interest rate and the $2,341.96 fee alleging that the appellees were guilty of breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act and the Consumer Credit Protection Act.
Appellees’ summary judgment proof establishes that the increased interest was agreed to by Dolphin, the predecessor in interest whose rights appellant claims. Appellant presented no evidence' showing that the increased interest rate and fee violated any clause of the contract or were fraudulently induced. Having purchased the property with knowledge of Dolphin’s obligations, the appellant is precluded from questioning the increased interest rate. See Bryan v. Dallas National Bank, 135 S.W.2d 249 (Tex.Civ.App.—Dallas 1939, writ dism’d jdgm’t cor.). Therefore there is no proof presented to show breach of contract or fraud.
Appellant also argues that appellees violated the Texas Deceptive Trade Practice Act. Since there was no proof of fraud, this allegation is without merit. If fraud had occurred, it did when the modification was entered into by Dolphin on February 2, 1982. Because appellant’s predecessors in title knew of the interest rate increase, appellant may not now assert fraud because the two year statute of limitations has run. Tex.Bus. & Com.Code Ann. § 17.56A (Vernon Supp.1985). Appellant has offered no proof to toll the statute of limitation.
Appellant asserts that appellee violated the Consumer Credit Protection Act. Tex. Rev.Civ.Stat.Ann. art. 5069-11.04(b) (Vernon Supp.1985). The provision which appellant relies on provides that:
“No debt collector may collect ... any debt [by] employing the following practices:
(b) collecting ... any interest or other charge fee, or expense incidental to the obligation unless such interest or incidental fee, charge or expenses is expressly authorized by the agreement creating the obligation or is legally chargeable to the consumer.”
This statutory provision has not been violated. Appellees’ summary judgment proof showed that all fees or charges were either expressly authorized by written agreements or were legally chargeable to the appellant. Appellant’s proof raised no issues of fact.
Appellant argues that the modification agreement entered into by Dolphin lacked consideration because Trans-Ohio had no right to declare the note due and payable, and, therefore, there was no consideration for the increased interest rate. It stated in the instrument that the consideration was the lender’s waiver of its right to declare the note due and payable. The record contains no proof which shows that Trans-Ohio did not have the right to declare the note due and payable. We cannot assume that Dolphin did not somehow trigger the acceleration clause in the contract. Therefore, *425 we are unable to hold that there was no consideration.
Appellant submitted a supplemental brief which contended that the appellees were required to object to their affidavit in writing at the time of trial. Tex.R.Civ.P. 166-A(e) requires a party to object at trial to defects in the form of an affidavit. Relying on verified pleadings for summary judgment proof is clearly inadequate and is more than a defect in the form of an affidavit. Appellees were not required to object to a defect that goes to the very heart of competent summary judgment proof.
Appellant’s points of error are overruled.
The judgment of the trial court is affirmed.